627 So.2d 158 (1993)
AMERICAN WASTE & POLLUTION CONTROL COMPANY
v.
ST. MARTIN PARISH POLICE JURY and The Parish of St. Martin.
93-CA-1348.
Supreme Court of Louisiana.
November 29, 1993.
Rehearing Denied January 6, 1994.
*159 John P. Haney, Haney, Akers & Segura, Bernard E. Boudreaux, Jr., Richard P. Ieyoub, Atty. Gen., counsel for applicant.
Michael G. Durand, Virgil E. Wilson, Onebane, Donohoe, Bernard, Torian, Diaz & McNamara & Abell, for respondent.
ORTIQUE, Justice.[1]
The Parish of St. Martin and the St. Martin Parish Police Jury (collectively, "St. Martin") petitioned for a declaratory judgment on the constitutionality of LSA-R.S. 33:1236.16 which authorized St. Martin to provide for zoning and siting for the disposal of solid waste within the parish, and for the lifting of a permanent injunction which enjoined St. Martin from enacting any zoning or land use ordinances until it had appropriate constitutional authority to do so from the Louisiana legislature. Respondent, Waste Management of Louisiana, Inc. ("Waste Management"), formerly American Waste and Pollution Control Co., Inc., moved for summary judgment and for the dismissal of the petition. Following a hearing, the district court ruled LSA-R.S. 33:1236.16 is unconstitutional and continued the effect of its permanent injunction. On direct appeal from the trial court, we find the petition for declaratory relief lacks a justiciable controversy and, as a consequence, fails to state a cause of action. We also find, upon proof that the legislature enacted LSA-R.S. 33:1236.16, the trial court should have revoked the permanent injunction. We, therefore, vacate the trial court judgment, dismiss the portion of the petition seeking declaratory relief, order the revocation of the permanent injunction and remand this case to the trial court.

I.
In an earlier phase of this lawsuit, we held "that the St. Martin Parish Police Jury lacks the authority, constitutional or legislative, to enact the [two] zoning ordinances" it had adopted on December 6 and 20, 1988, which set forth a comprehensive parish-wide land use plan and set forth the requirements for the initial siting of solid waste landfills in the parish. American Waste and Pollution Control Co. v. St. Martin Parish Police Jury, 609 So.2d 201, 205 (La.1992). Our decision affirmed the trial court's judgment of April 19, 1991, which found the ordinances were unconstitutional concluding, as did the trial court,
that under the constitution, parishes are only given the power to zone or regulate land use if the legislature establishes uniform procedures for the exercise of such power. Since the legislature has not established such uniform procedures for parishes generally or for St. Martin Parish specifically, as it has for municipalities and certain other parishes, St. Martin Parish lacks the authority under the constitution to enact such ordinances. 609 So.2d at 204.
On February 4, 1992, after the trial court issued judgment, but before this court rendered American Waste on November 30, 1992, St. Martin adopted another zoning and/or land use ordinance effecting Waste Management's waste disposal facility. In response, *160 Waste Management moved for summary judgment and a mandatory injunction, preventing the enforcement of the new ordinance, and sought a permanent injunction enjoining St. Martin from enacting any zoning, land use or similar ordinances, which were beyond the scope of its delegated powers. The trial court found in favor of Waste Management, declaring the ordinance of February 4, 1992, null and void and enjoining St. Martin from attempting to enforce the ordinance. Additionally, the trial court permanently enjoined St. Martin "from enacting any ordinances, laws, rules, regulations or otherwise, attempting to enact any zoning, land use, siting or similar ordinances which are beyond the scope of their delegated powers, until they have provided to this Court evidence establishing that the legislature has provided for procedures which meet constitutional requirements in authorizing parishes to exercise such powers." This judgment was not appealed.
After St. Martin was permanently enjoined from enacting any land use ordinances, but prior to the rendition of American Waste, the legislature enacted LSA-R.S. 33:1236.16[2] by Acts 1992, No. 632, § 1, approved on July 2, 1992, authorizing St. Martin to provide,
for the zoning, land use, and siting of any public or private facility for the disposal of solid waste within the parish and the types and quantities of the waste within the parish and the types and quantities of the waste to be disposed of at such facility shall be in compliance with any permit granted by the Department of Environmental Quality.
Confronted with the dilemma caused by the combination of the permanent injunction and the mandates of American Waste, St. Martin developed a strategy at its January 5, 1993 meeting for overcoming any possible deficiencies inherent in LSA-R.S. 33:1236.16.[3] The police jurors attending the meeting acknowledged that they would be in violation of the injunction if they passed any ordinances pursuant to LSA-R.S. 33:1236.16 without first having the injunction lifted. Thus, the jurors decided to seek a declaratory judgment on the constitutionality of the statute while concurrently attempting to obtain from the legislature another enabling *161 statute, one with a comprehensive parish-wide land use plan.
Thereafter, on January 13, 1993, St. Martin petitioned for a declaratory judgment on whether LSA-R.S. 33:1236.16 constitutes sufficient enabling legislation to allow it to create land use and zoning regulations for the siting of public or private facilities for the disposal of solid waste within the parish, and for the lifting of the district court's injunction of June 2, 1992.[4] Waste Management responded by filing a motion for summary judgment, seeking the dismissal of St. Martin's petition. After a hearing, the trial court dismissed with prejudice the petition of St. Martin on February 16, 1993, and continued in effect the permanent injunction. It decreed that LSA-R.S. 33:1236.16 "is unconstitutional to the extent it purports to authorize the sovereign authority of St. Martin Parish to enact any zoning or land use regulations and to that extent," it declared the statute null, void and of no effect.
On St. Martin's application, we granted writ to review this case on direct appeal from the district court pursuant to LSA-Const. Art. V, § 5(D)[5] which grants this court appellate jurisdiction over cases in which a law or an ordinance has been declared unconstitutional.

II.
Conventional judgments embody two elements, an ascertainment or declaration of the rights of the parties, which is usually implied, and a specific award of relief. LSA-C.C.P. art. 1871, official comment. A declaratory judgment embodies only the first element which, by the nature of the judgment, is always express.[6]Id.; Comment, Declaratory Judgments in Louisiana, 33 La.L.Rev. 127 (1972). Hence, an action for declaratory relief is identical to ordinary actions for a judgment, the difference being limited to the type of judgment to be rendered. LSA-C.C.P. art. 1871, Comments.
Due to its nature, declaratory relief makes it possible to adjudicate a grievance at an earlier time than would otherwise be allowed. 33 La.L.Rev. at 128. The purpose of the judgment is to settle and afford relief from uncertainty and insecurity, at times, before damages arise and the need for traditional remedies occurs. See LSA-C.C.P. art. 1881; 33 La.L.Rev. at 128-130. It is available to a party when the action meets the rules governing ordinary proceedings, and grounds for discretionary refusal to grant the declaration do not exist. 33 La.L.Rev. at 130. See LSA-C.C.P. art. 1876. Like actions for conventional judgments, basic to the exercise of procedures for declaratory relief, the action must present a justiciable controversy. Abbott v. Parker, 259 La. 279, 249 So.2d 908 (1971); Stoddard v. City of New Orleans, 246 La. 417, 165 So.2d 9 (1964); Tugwell v. Members of Bd. of Hwys., 228 La. 662, 83 So.2d 893 (1955), on rehr'g; 33 La.L.Rev. at 130.
A justiciable controversy is a real and substantial controversy admitting of specific relief through a decree of conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts. St. Charles Parish School Bd. v. GAF Corp., 512 So.2d 1165, 1171 (La.1987), on rehearing. In Abbott v. Parker, 249 So.2d at 918, this court defined justiciable controversy in its relation to declaratory relief, as follows:

*162 A "justiciable controversy" connotes, in the present sense, an existing actual and substantial dispute, as distinguished from one that is merely hypothetical or abstract, and a dispute which involves the legal relations of the parties who have real adverse interests, and upon which the judgment of the court may effectively operate through a decree of a conclusive character. Further, the party seeking the declaratory judgment should have a legally protectable and tangible interest at stake, and the dispute presented should be of sufficient immediacy and reality to warrant the issuance of the declaratory judgment.
Without doubt, for a court to entertain an action for declaratory relief, there must be a justiciable controversy and the question presented must be real and not theoretical. Tugwell v. Members of Bd. of Hwys., 83 So.2d at 899. Courts are not empowered to render advisory opinions on moot or abstract issues of law. Church Point Wholesale Beverage Co., Inc. v. Tarver, 614 So.2d 697 (La.1993); St. Charles Parish School Bd. v. Gaf Corp., 512 So.2d at 1171; In re Baer, 310 So.2d 537 (La.1975); State v. Board of Supervisors, 228 La. 951, 84 So.2d 597 (1955); Abbott v. Parker, 249 So.2d at 918; Comment, Advisory Opinions and the Requisites of Justiciability in Louisiana Courts, 35 La.L.Rev. 898, 900 (1975). Consequently, a declaratory action cannot generally be maintained unless it involves some specific adversary question or controversy asserted by interested parties and based on existing state of facts. Tugwell v. Members of Bd. of Hwys., 83 So.2d at 899. Cases submitted for adjudication must be justiciable, ripe for decision, and not brought prematurely. St. Charles Parish School Bd. v. GAF Corp., 512 So.2d at 1172. A court must refuse to entertain an action for a declaration of rights if the issue presented is academic, theoretical, or based on a contingency which may or may not arise. Tugwell v. Members of Bd. of Hwys., 83 So.2d at 899.
Thus, even though the relief offered by the declaratory judgment provisions must be liberally construed and administered, in the absence of a justiciable controversy, declaratory relief is not available to an applicant. See LSA-C.C.P. art. 1881; Louisiana Independent Auto Dealers Ass'n v. State, 295 So.2d 796 (La.1974); Rambin v. Caddo Parish Police Jury, 316 So.2d 499, 501 (La.App. 2d Cir.1975).

III.
Although St. Martin's petition claims to seek a declaration of a right, in actuality it seeks an advisory opinion on the constitutionality of LSA-R.S. 33:1236.16. The question presented is not a real controversy because it is not asserted by an interested party. The question is hypothetical or abstract because it is based on a contingency which may not arise. A justiciable controversy is, consequently, lacking. Therefore, we vacate the trial court judgment, sua sponte notice that the petition fails to disclose a cause of action for declaratory judgment and, on peremptory exception, dismiss the portion of the petition seeking such relief. LSA-C.C.P. arts. 927, 934.
In Louisiana, all legislation enacted by our legislature is considered constitutional until declared otherwise in proceedings brought contradictorily between interested persons. State v. Board of Supervisors, 84 So.2d at 600. LSA-R.S. 33:1236.16 authorizes St. Martin to implement its provisions. Nevertheless, even though entrusted with the authority to enact the statute as written, St. Martin chose the opposite and invited an attack on the validity of the statute. Cf. State v. Board of Supervisors, supra. Without a right to call into question the constitutionality of the enabling statute, St. Martin does not have a real adverse interest in its prayer for declaratory relief. Id. Thus, there is no justiciable controversy between the parties because St. Martin does not have any interest or right in having the state statute declared constitutional. See Petition of Sewerage and Water Bd. of New Orleans, 248 La. 169, 177 So.2d 276 (1965).
A justiciable controversy is also absent because the statute is being challenged in the abstract. LSA-R.S. 33:1236.16 is permissive only in its authorization of St. Martin to provide zoning for the parish. Action by St. Martin is necessary to render that statute *163 operative. Contesting the statute's constitutionality is premature because a permissive statute must be rendered operative or threatened to be rendered operative prior to being challenged. See Stoddard v. City of New Orleans, 165 So.2d at 11. St. Martin's petition is not based on existing facts. It presents only an abstract question as to which there is no present actual dispute ripe for decision, and seeks an advisory opinion. Thus, it runs afoul of the justiciable controversy prerequisite of a cause of action for declaratory relief.

IV.
Since the propriety of the issuance of the permanent injunction which enjoined St. Martin from enacting land use and zoning ordinances is not before this court, our review is limited to scrutinizing the correctness of the trial court's decision to continue in effect the injunction. We find the trial court should have considered St. Martin's request for the lifting of the injunction as a rule to show cause why the injunction should not have been revoked. Thereafter, upon proof that the legislature had enacted LSA-R.S. 33:1236.16, the trial court was constrained to revoke the injunction. We, therefore, order the revocation of the permanent injunction issued against St. Martin on June 2, 1992.
Intrinsic to the trial court's order of permanent injunction is its right and power to enforce its injunctive decree. LSA-C.C.P. arts. 3611, 224. Nevertheless, based upon changed conditions, St. Martin had the right to petition the court to lift the injunction. See American Cyanamid Co. v. Roberts, 180 So.2d 810 (La.App. 4th Cir.1965); Roemer v. General Truck Drivers, 111 So.2d 348 (La. App.Orl.1959). See also Kelly v. Terrebonne Parish Police Jury, 449 So.2d 568 (La.App. 1st Cir.1984), writ den., 450 So.2d 959 (La. 1984); Tenneco, Inc. v. Oil, Chemical & Atomic Workers Union, 256 La. 366, 236 So.2d 499 (1970). Rather than seek declaratory relief, St. Martin should have instituted a rule to show cause why the permanent injunction should not have been modified or revoked based upon proof to the court that the legislature had enacted LSA-R.S. 33:1236.16 authorizing St. Martin to provide for the zoning, land use, and siting of any public or private facility for the disposal of solid waste within the parish. See Id. Such a showing would have compelled the trial court to revoke or modify the permanent injunction. After St. Martin implemented LSA-R.S. 33:1236.16, circumstances would then be ripe for an appropriate party to contest the constitutionality of the statute.
Even though St. Martin neglected to properly pose its request for the lifting of the permanent injunction, acting in equity, the trial court should have either converted the declaratory action to, or considered the request to lift the injunction as, a rule to show cause why the injunction should not have been revoked. Since the court was without jurisdiction to consider the constitutionality of the statute prior to it being implemented by the parish, upon the showing that the legislature had enacted LSA-R.S. 33:1236.16, and without need for further proof, the trial court was obliged to revoke the permanent injunction. See Petition of Sewerage and Water Bd. of New Orleans, supra; Stoddard v. City of New Orleans, supra. Therefore, in the interests of equity and, most especially, judicial economy, we revoke the permanent injunction issued against St. Martin on June 2, 1992. LSA-C.C.P. art. 2164.

DECREE
For the reasons assigned, we vacate the trial court judgment, dismiss the portion of the petition seeking declaratory relief, order the revocation of the permanent injunction issued on June 2, 1992, and remand this case to the trial court.[7]
*164 VACATED, RENDERED AND REMANDED.
HALL, dissents and assigns reasons.
HALL, Justice, dissenting.
In previous proceedings, ordinances adopted by the St. Martin Parish Police Jury purporting to establish zoning and siting regulations affecting American Waste's planned construction of a solid waste disposal facility were declared invalid, and the Police Jury was permanently enjoined from adopting any such ordinance until authorized to do so by act of the legislature complying with the constitutional requirements of uniform procedures.
After the legislature in 1992 enacted LSA-R.S. 33:1236.16, authorizing the parish to provide for zoning and siting of any facility for the disposal of solid waste, the police jury sought to have the injunction lifted based on this enactment. The parish's action was opposed by American Waste who contended that the statute did not comport with La. Const. Art. 6, § 17 in that it failed to provide for uniform procedures, squarely putting the constitutionality of the statute at issue. A justiciable controversy existed as to whether the injunction should be lifted, the determination of which rested on a determination of whether the statute authorized the adoption of a zoning or siting ordinance in a constitutional manner.
The district court correctly held that LSA-R.S. 33:1236.16 is unconstitutional in that it purports to authorize the parish to adopt zoning ordinances without establishing uniform procedures as required by LSA-Const. Art. 6, § 17. It follows that the trial court correctly refused to lift the injunction.
I would affirm the judgment of the district court, and, therefore, respectfully dissent.
NOTES
[1] Pursuant to Rule IV, Part 2 § 3, Watson, J., was not on the panel which heard and decided this case.
[2] LSA-R.S. 33:1236.16, effective July 2, 1992, provides:

§ 1236.16. St. Martin Parish; solid waste
A. The governing authority of St. Martin Parish is hereby authorized by ordinance to provide for the zoning, land use, and siting of any public or private facility for the disposal of solid waste within the parish and the types and quantities of the waste within the parish and the types and quantities of the waste to be disposed of at such facility shall be in compliance with any permit granted by the Department of Environmental Quality.
B. The authorization provided for in this Section shall not supersede the authority of the Department of Environmental Quality.
[3] At the January 5, 1993 meeting, the police jurors faced the prospect that, under American Waste, LSA-R.S. 33:1236.16 is constitutionally deficient because it does not establish uniform procedures. Mr. Cormier stated:

Based upon the Supreme Court's decision, in my review of that enabling legislation [LSA-R.S. 33:1236.16], I can see a strong argument being made by the Waste Management or American Waste that that (sic) does not comply with the Supreme Court's requirements because it does not establish any procedures. It simply says you can enact an ordinance, but it doesn't establish how you go about procedurally doing what needs to be done. On the other hand, a review of the St. Helena Parish Police Jury's enabling legislation and the acts that follow that establish several sections dealing with uniform procedures which allow the St. Landry Parish Police Jury to enact land use zoning. Unfortunately, our enabling legislation does not do that, and I don't think that Ms. Durand [the legislator who introduced the legislation] was aware of the degree or the extent that it had to be there `til we got the Supreme Court decision which came about six months later. So while everybody was in good faith in attempting to pass enabling legislation, unfortunately I don't think it meets the requirements of the Supreme Court decision. However, in order not to lose a chance to find that out, I suggested to the police jury that we file for a declaratory judgment, asking Judge McNulty to review that enabling legislation to determine if that does in fact meet the requirements of the constitution and the Louisiana Supreme Court decision. If he says it does, then the police jury will be in a position to, in good faith, enact an ordinance. I would formally expect at that time that it would be appealed, and we would, right now, be at the Supreme Court again, and we take the chance on the Supreme Court say, "No, you're wrong. You have to come back and do it all over again." So in conjunction with doing that, I'm still suggesting, and I still think it's the best avenue to go to the legislature and get enabling legislation like St. Helena Parish has....
[4] The Office of the Attorney General accepted service and waived citation. It indicated that the State of Louisiana will be adequately represented by the counsel for the St. Martin Parish Police Jury and the Parish of St. Martin.
[5] LSA-Const. Art. V, § 5, entitled Supreme Court; Jurisdiction; Rule-Making Power; Assignment of Judges, provides in pertinent part as follows:

(D) Appellate Jurisdiction. In addition to other appeals provided by this constitution, a case shall be appealable to the supreme court if (1) a law or ordinance has been declared unconstitutional or (2) the defendant has been convicted of a capital offense and a penalty of death has actually been imposed.
[6] LSA-C.C.P. art. 1871 provides as follows:

Art. 1871. Declaratory judgments; scope
Courts of record within their respective jurisdictions may declare rights, status, and other legal relations whether or not further relief is or could be claimed. No action or proceeding shall be open to objection on the ground that a declaratory judgment or decree is prayed for; and the existence of another adequate remedy does not preclude a judgment for declaratory relief in cases where it is appropriate. The declaration shall have the force and effect of a final judgment.
[7] Although we found it unnecessary to discuss these factors when deciding this case, during oral argument we took judicial notice 1) of Acts of 1993, No. 201, approved June 1, 1993 and effective January 1, 1994, which enacted LSA-R.S. 33:4780.40 through 33:4780.50, and which authorized parish governing authorities to adopt and enforce zoning regulations, and 2) of the construction of Waste Management's landfill facility being almost complete.

This decision does not foreclose further actions by applicant or respondent relative to these two factors, to LSA-R.S. 33:1236.16, and/or to other issues.