696 So.2d 645 (1997)
The STATE of Louisiana, Through the LOUISIANA RIVERBOAT GAMING COMMISSION
v.
The LOUISIANA STATE POLICE RIVERBOAT GAMING ENFORCEMENT DIVISION.
No. 97 CW 0167.
Court of Appeal of Louisiana, First Circuit.
June 20, 1997.
*646 Thomas A. Warner, III, Baton Rouge, for Relator The State of Louisiana, Through the Louisiana Riverboat Gaming Commission.
Charles S. Lambert, Jr., Baton Rouge, for Respondent Capitol House Preservation Co., L.L.C.
Willie E. Broome, Baton Rouge, for Despondent The Louisiana State Police Riverboat Gaming Enforcement Division.
Before LOTTINGER, C.J., and FOIL and FOGG, JJ.
FOGG, Judge.
The salient issue raised by this application for supervisory writs is whether a party to an action for declaratory judgment can seek relief pursuant to LSA-C.C.P. art. 1878 after the declaratory judgment rendered in the initial case is final.
On April 11, 1994, the Louisiana Riverboat Gaming Commission (hereinafter "Commission"), legal predecessor to the relator, the Louisiana Gaming Control Board, filed a petition for declaratory judgment in the Nineteenth Judicial District Court. Therein, the Commission sought a declaratory judgment decreeing that the rules it promulgated pursuant to LSA-R.S. 4:501 et seq. were valid. Named as defendant was the Louisiana State Police Riverboat Gaming Enforcement Division. Lady Luck Casino Baton Rouge, Inc. (hereinafter "Lady Luck") filed a petition of intervention seeking a determination that the rules were invalid. Subsequently, Capitol House Preservation Company, L.L.C. (hereinafter "Capitol House") was substituted for Lady Luck.
The trial court rendered judgment declaring LSA-R.S. 4:301-331 inclusive, 503-509 inclusive, 701-705 inclusive and 717 to be null, void, and without effect and prohibiting any further application of them. The court further found that any fees paid by Capitol House or its predecessor in interest were to be refunded.
On appeal of that judgment, this court affirmed the determination that the various rules were null and void, and affirmed the prohibition of further application of those rules. However, upon a finding that there was no demand for a refund of fees paid under those rules, we reversed the portion of the judgment that ordered the refund of fees paid by Capitol House or its predecessor in interest. That judgment is now final.
On September 30, 1996, Capital House filed a "Petition for Supplemental Relief" under docket number 404,961, Division "H" of the Nineteenth Judicial District Court, the same docket number that the original action was assigned. On November 25, 1996, the Commission filed a motion to dismiss asserting that the district court lacked subject matter jurisdiction. On January 6, 1997, the Commission filed a declinatory exception raising the objection of lack of subject matter jurisdiction and a peremptory exception raising the objection of res judicata.
The trial court rendered judgment denying the motion to dismiss, and overruling the exceptions of lack of subject matter jurisdiction and res judicata. From that judgment, the Louisiana Gaming Control Board seeks writs.
Initially, the relator asserts that the trial judge erred in denying its motion to dismiss and overruling its exception of lack of subject matter jurisdiction. The relator contends that the trial court in a declaratory judgment *647 proceeding does not retain jurisdiction to render further and supplemental relief after an order of appeal has been granted and after the decision of the appellate court has become final.
In general, the relator is correct in asserting that once a final judgment has been rendered, there can be no amended petition because there is no longer a petition before the court to amend. Templet v. Johns, 417 So.2d 433 (La.App. 1 Cir.), writ denied, 420 So.2d 981 (La.1982). Nevertheless, where a declaratory judgment has been sought and rendered, as here, article 1878 of the Code of Civil Procedure allows the court to grant further relief based upon that judgment whenever "necessary or proper." Technically such relief is sought by means of a petition. Herein, the respondent filed a new and separate petition seeking supplemental relief. Therefore, the subject matter jurisdiction of the district court does not stem from the original action for declaratory relief, but rather from the new petition seeking supplemental relief. The trial court correctly dismissed relator's motion to dismiss and overruled relator's exception of lack of subject matter jurisdiction.
The relator also contends the trial judge erred in overruling its peremptory exception of res judicata. The relator contends that, with the 1991 amendments to LSA-C.C.P. art. 425 and LSA-R.S. 13:4231, in a declaratory judgment proceeding, any claim arising out of the same transaction or occurrence must be asserted in a single proceeding.
LSA-C.C.P. arts. 1871 et seq. govern declaratory judgments in Louisiana. These articles provide that courts may declare rights, status, and other legal relations within their respective jurisdictions, whether or not further relief is or could be claimed. LSA-C.C.P. art. 1871. Persons whose rights, status, or other legal relations are affected by a statute, may have determined any question of construction or validity arising under the statute. LSA-C.C.P. art. 1872. The declaratory judgment provisions are to be liberally construed and administered in order to settle and afford relief from uncertainty with respect to rights, status, and other legal relations. LSA-C.C.P. art. 1881.
LSA-C.C.P. art. 1878 provides:
Further relief based on a declaratory judgment or decree may be granted whenever necessary or proper. The application therefor shall be by petition to a court having jurisdiction to grant the relief. If the application is considered sufficient, the court, on reasonable notice, shall require any adverse party whose rights have been adjudicated by the declaratory judgment or decree, to show cause why further relief should not be granted forthwith.
The respondent asserts that its petition is authorized by these codal articles. We agree. The fact that a party does not couple a claim for damages or other relief with a petition for declaratory relief does not invalidate the petition for declaratory relief or bar a subsequent action for damages. Cf. Blaise Parking and Enterprises Corp. v. Project Square 221, 409 So.2d 691 (La.App. 4 Cir.1982).
The relator's position would have us hold that the 1991 amendments to LSA-C.C.P. art. 425 and LSA-R.S. 13:4231 limited the rights of litigants to proceed under LSA-R.S. 1871 et seq. We conclude that this position is without merit. Accepting arguendo that there is a conflict between these two laws, LSA-C.C.P. art. 1871 et seq. will govern. In instances of conflict, the law that is specifically directed to the matter at issue must prevail as an exception to the law that is more general in nature. Horil v. Scheinhorn, 95-0967 (La.11/27/95); 663 So.2d 697.
For the foregoing reasons, the relator's application for supervisory writs is denied.
WRIT DENIED.