# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## CA 23-632


**CITY OF ALEXANDRIA, ET AL**

**VERSUS**

**JAMES VILLARD, ET AL**


\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 270,665
HONORABLE PATRICIA EVANS KOCH, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**GUY E. BRADBERRY
JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of D. Kent Savoie, Guy E. Bradberry, and Wilbur L. Stiles, Judges.


**JUDGMENT VACATED AND REMANDED.**

**Richard A. Rozanski**
**2313 South MacArthur Drive**
**Alexandria, LA 71301**
**(318) 445-5600**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **Charles "Chuck" L. Fowler, Jr.**

**Barbara Bell Melton**
**Faircloth Melton Sobel & Bash, LLC**
**105 Yorktown Drive**
**Alexandria, LA 71303**
**(318) 619-7755**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
    **Cynthia Perry, Individually and as a Member of the Alexandria City Council**
    **Catherine Davidson, Individually and as a Member of the Alexandria City Council**
    **Reddex Washington, Individually and as a Member of the Alexandria City Council**
    **James Villard, Individually and as a Member of the Alexandria City Council**
    **Gerber M. Porter, Individually and as a Member of the Alexandria City Council**

**Joshua J. Dara, Jr.**
**R. Morgan Briggs**
**Connor C. Headrick**
**Gold, Weems, Bruser, Sues & Rundell**
**P.O. Box 6118**
**Alexandria, LA 71307**
**(318) 445-6471**
**COUNSEL FOR PLAINTIFFS/APPELLANTS:**
    **Jeffery W. Hall, Individually and as Mayor of Alexandria, Louisiana**
    **The City of Alexandria**

**BRADBERRY, Judge.**

This appeal follows the trial court's grant of a motion for summary judgment filed by five members of the City Council of Alexandria and the denial of the City of Alexandria's and its Mayor's motion for summary judgment surrounding the passage of the budget for the 2021–2022 fiscal year. The trial court also denied a motion for summary judgment filed by one of the individual council members. The trial court recognized that a reconventional demand filed by five of the City Council Members seeking costs and attorney fees remained pending.

## FACTS

The City of Alexandria and its Mayor, Jeffrey Hall, (collectively referred to as the City) filed suit for declaratory and injunctive relief against the seven members of the City Council: James Villard, Charles "Chuck" L. Fowler, Lee Rubin, Reddex Washington, Gerber M. Porter, Cynthia Perry, and Catherine Davidson on May 5, 2021. The City alleged that the City Council amended the Mayor's proposed budget at the April 20, 2021 meeting with two amendments that violated the City of Alexandria Home Rule Charter. Mayor Hall vetoed the amended budget. Subsequently, at the May 4, 2021 meeting, the City Council voted to override the Mayor's veto, with five members voting to override the veto and Mr. Fowler and Mr. Rubin voting against overriding the Mayor's veto.

The two amendments at issue concerned: (1) an allotment of $2 million for police officer pay raises and increased fringe benefits, and (2) the elimination of funding for the appointed position of Public Safety Commissioner. The City alleged that these amendments resulted in an unbalanced budget. In its petition, the City also complained that the City Council Members improperly undermined union contract negotiations with the police union.

On May 5, 2021, a temporary restraining order (TRO) was signed prohibiting and forbidding implementation of the two amendments. After extending the TRO, a hearing was held on May 21, 2021, with the trial court ruling to dissolve the TRO, leaving the issue of a preliminary injunction to be decided. The court recessed to review video evidence of the meetings. The parties reconvened on June 2, 2021. At this time, the trial court did not rule on the preliminary injunction, but instead asked the parties to attempt to solve the issue with the budget. The City Council ultimately passed a balanced budget, resolving the City's request for an injunction. The only action remaining was the City's request for a declaratory judgment that the City Council passed an illegal budget.

Three motions for summary judgment were filed. On October 22, 2021, Chuck Fowler filed a motion for summary judgment, asking the trial court to dismiss the City's claims against him because he did not vote to approve the budget or to override the Mayor's veto. Mr. Fowler also asked that his motion for summary judgment be granted finding the members who voted to veto the Mayor's budget and pass an unbalanced budget, Mr. Villard, Mr. Washington, Mr. Porter, Ms. Perry, and Ms. Davidson, in violation of the Louisiana Local Government Budget Act and the City of Alexandria Home Rule Charter. Mr. Rubin also voted, like Mr. Fowler, against passing the budget, since it was not balanced.

Mr. Fowler's motion for summary judgment was met with opposition by the other City Council Members since he had not filed suit against them. He then filed a cross claim against the other City Council Members, other than Mr. Rubin, and subsequently also filed another motion for summary judgment. He asserted that the budget was unbalanced and violated both the Louisiana Local Government Budget Act and the City of Alexandria Home Rule Charter.

2

The City filed a motion for partial summary judgment. Its action for injunctive relief was stayed since the City Council adopted a balanced and proper budget. However, the City still sought declaratory relief that the amendments resulted in an imbalanced budget that failed to comply with the Louisiana Local Government Budget Act and the City of Alexandria Home Rule Charter.

The five City Council Members who voted to pass the budget filed a reconventional demand for costs and attorney fees. Subsequently, they also filed a motion for summary judgment asking the trial court to dismiss both the City's and Mr. Fowler's claims against them, arguing that they did not violate the law. The trial court granted this motion for summary judgment and denied the City's and Mr. Fowler's motions for summary judgment. It also recognized that the reconventional demand remained pending. Judgment was signed on October 10, 2022. The City appeals the judgment seeking reversal of the trial court's grant of the City Council Members' motion for summary judgment. Mr. Fowler also appeals the judgment seeking reversal of the trial court's judgment and asking that his motion for summary judgment be granted.

The City appeals the granting of the City Council Members' motion for summary judgment arguing that there were several issues of disputed fact over whether the City Council Members' actions violated the Louisiana Local Government Budget Act and the City of Alexandria Home Rule Charter. They allege that the budget passed by the City Council Members was unbalanced and failed to identify valid funding sources, the actions of the City Council Members undermined the Mayor's sole authority to conduct contract negotiations, and the City Council Members abolished a position of an established city officer. Mr. Fowler also appealed the trial court's grant of summary judgment in favor of the City

3

Council Members arguing there are issues regarding whether the budget was balanced when it was passed.

## DISCUSSION

Both the City and Mr. Fowler argue that the trial court erred in granting the five City Council Members' summary judgment. They argue that there are questions of material fact of whether the budget was balanced and whether sources were identified to fund expenditures, specifically the two amendments. In seeking summary judgment, the City and Mr. Fowler asked the court to grant declaratory relief, after the City Council passed a balanced budget, as to the correctness of a budget that was passed at the April 2021 council meeting.

Louisiana Code Civil Procedure Article 1871 provides:

> Courts of record within their respective jurisdictions may declare rights, status, and other legal relations whether or not further relief is or could be claimed. No action or proceeding shall be open to objection on the ground that a declaratory judgment or decree is prayed for; and the existence of another adequate remedy does not preclude a judgment for declaratory relief in cases where it is appropriate. The declaration shall have the force and effect of a final judgment or decree.

In this appeal, Mr. Fowler and the City are asking this court to reverse the judgment of the trial court so they can seek a declaratory judgment to prevent any similar actions by the City Council Members in passing a budget in the future. All parties agree that a valid budget was passed in June 2021.

> It is well settled that courts will not decide abstract, hypothetical or moot controversies, or render advisory opinions with respect to such controversies. *Joseph v. Ratcliff*, 2010-1342 (La. App. 1 Cir. 3/25/11), 63 So. 3d 220, 225. A case is moot when a rendered judgment or decree can serve no useful purpose and give no practical relief or effect. If the case is moot, there is no subject matter on which the judgment of the court can operate. *Id.* The justiciable controversy must normally exist at every stage of the proceeding, including appellate stages; and when the actual controversy lapses, any judicial pronouncement on the matter would be an impermissible advisory opinion. *Id.*

4

For a court to entertain an action for declaratory relief, there must be a justiciable controversy and the question presented must be real and not theoretical. *American Waste & Pollution Control Company v. St. Martin Parish Police Jury*, 627 So. 2d 158, 162 (La. 1993). Consequently, a declaratory action cannot generally be maintained unless it involves some specific adversary question or controversy asserted by interested parties and based on existing state of facts. *Id*. A court must refuse to entertain an action for a declaration of rights if the issue presented is academic, theoretical, or based on a contingency which may or may not arise. *Id*.

However, some exceptions to the mootness doctrine have been recognized. When a defendant has voluntarily ceased complained-of conduct, a court should consider: (1) whether there is any reasonable expectation that the alleged violation will recur; and/or (2) whether there are unresolved collateral consequences (such as an outstanding claim for compensatory or other monetary relief). *In re C.C.*, 2015-0140 (La. App. 1 Cir. 12/23/15), 2015 WL 9435190, (unpublished), <u>writs denied</u>, 2015-2251 (La. 12/23/15), 184 So. 3d 687 and 2016-0197 (La. 3/4/16), 188 So. 3d 1055, <u>writ not considered</u>, 2016-1304 (La. 7/12/16), 194 So. 3d 1130.

*Russell v. Cantrelle*, 19-815, pp. 6–7 (La.App. 1 Cir. 5/11/20), 303 So.3d 1081, 1086.

We find that the passing of a balanced and proper budget in June 2021 deprived this court of subject matter jurisdiction. There is no reasonable expectation that this conduct will recur. As of now, it has been three years since the original budget was passed. Once the new budget was passed with all parties approving, there was no more controversy between the parties. Therefore, there is no subject matter on which the judgment of this court can operate.

Furthermore, there are no collateral consequences in this case. When a party seeks compensatory relief in addition to prospective relief, the case may not be moot. *Ulrich v. Robinson*, 18-534 (La. 3/26/19), 282 So.3d 180. Neither the City nor Mr. Fowler requested any penalties as allowed by La.R.S. 39:1315, should judgment had been rendered in their favor finding that the City Council Members knowingly and willingly passed an unbalanced budget. As an item of special damages, the City and Mr. Fowler were required to specifically allege entitlement to penalties in the

5

pleadings at the trial level. La.Code Civ.P. art. 861; *Smith v. Howell Indus., Inc.*, 579 So.2d 1236 (La.App. 3 Cir. 1991).

Since we find that jurisdiction on the issues presented by the motions for summary judgment was moot when the trial court rendered its judgment, we vacate the trial court judgment granting the City Council Members' motion for summary judgment and denying both Mr. Fowler's and the City's motions for summary judgment. Accordingly, the City's and Mr. Fowler's appeals are dismissed as moot. We remand the case to the trial court for the remaining issue of the City Council Members' reconventional demand. Appellate costs in the amount of $7,426.10 are assessed to the City and Mr. Fowler.

**JUDGMENT VACATED AND REMANDED.**