| JEROME MORGAN, ON BEHALF OF HIMSELF AND OTHERS SIMILARLY SITUATED | * | NO. 2024-CA-0714 |
|---|---|---|
| | * | |
| | | COURT OF APPEAL |
| | * | |
| VERSUS | | FOURTH CIRCUIT |
| | * | |
| BLAIR'S BAIL BONDS, INC., BANKERS INSURANCE COMPANY, INC. | * * * * * * * | STATE OF LOUISIANA |

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2019-08430, DIVISION "I-14"
Honorable Lori Jupiter, Judge
* * * * * *
**Judge Karen K. Herman**
* * * * * *
(Court composed of Judge Daniel L. Dysart, Judge Joy Cossich Lobrano, Judge Karen K. Herman)

**LOBRANO, J., DISSENTS WITH REASONS**

Anjana Joshi
Micah West (*pro hac vice*)
Miriam Gutman (*pro hac vice*)
SOUTHERN POVERTY LAW CENTER
201 St. Charles Avenue, Suite 2000
New Orleans, LA 70170

William Patrick Quigley
LOYOLA UNIVERSITY - SCHOOL OF LAW
7214 St. Charles Avenue
Box 902
New Orleans, LA 70118

        COUNSEL FOR PLAINTIFF/APPELLANT


Jon S. McGill
JSM LAW
500 Lafayette Street
Gretna, LA 70053

        COUNSEL FOR DEFENDANT/APPELLEE (Blair's Bail Bonds, Inc.)

Stephen D. Marx
CHEHARDY SHERMAN WILLIAMS
One Galleria Boulevard
Suite 1100
Metairie, LA 70001

Ethan J. Loeb (*pro hac vice*)
E. Colin Thompson (*pro hac vice*)
BARTLETT LOEB HINDS THOMPSON & ANGELOS
100 N. Tampa Street, Suite 2050
Tampa, FL 33602

COUNSEL FOR DEFENDANT/APPELLEE (Bankers Insurance Co., Inc)

**AFFIRMED**
**May 5, 2025**

Plaintiff, Jerome Morgan ("Morgan"), appeals the June 26, 2024 judgment, which granted an exception of no right of action in favor of defendants, Blair's Bail Bonds, Inc. ("Blair's") and Bankers Insurance Company, Inc. ("Bankers") (collectively, "defendants") and denied Morgan's motion for summary judgment as moot. For the reasons set forth below, we affirm the judgment.

**RELEVANT FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

On September 7, 2017, the Southern Poverty Law Center filed a complaint with the Louisiana Insurance Commissioner ("Commissioner") advising that Blair's and other bail bond companies were charging excess premiums in Orleans Parish in violation of state law.[1]

On February 20, 2019, in response to the complaint, the Commissioner issued Directive 214 to bail bond producers and commercial sureties writing criminal bonds in Orleans Parish. Directive 214 provided in pertinent part, as follows:

---

[1] At the time, La. R.S. 22:1443 provided that the rate for all commercial surety underwriters writing criminal bonds shall be 12%. Morgan alleges that he and other defendants in Orleans Parish were charged 13%.

1

Any criminal bail bond premium collected from consumers in Orleans Parish in excess of twelve (12%) percent of the liability written is in violation of the Louisiana Insurance Code. Any excess premium collected must be returned to the payer.

Bail bond producers and commercial sureties may have been erroneously informed that they could charge thirteen (13%) percent premium. That notwithstanding, I am directing these entities to refund all persons to whom they charged an excessive premium since 2005. Any bail bond producer or commercial surety who has collected premium in excess of twelve (12%) percent is directed to refund said overcharge no later than June 1, 2019.

All bail bond producers and commercial sureties writing criminal bail bonds in Orleans Parish at any time between 2005 and the present are further directed to make every effort to identify the customers who may have been overcharged during this period. The bail bond producers and commercial sureties are directed to document these efforts to identify and locate impacted consumers and document the actual refunds they issue for potential review by the Louisiana Department of Insurance (hereinafter referred to as "LDI"). This document must then be maintained by the bail bond producer and/or commercial surety until at least June 1, 2024.

If at any point after June 1, 2019 a consumer, who the bail bond producer and/or commercial surety was unable to identify, presents evidence to the producer or surety that they were overcharged, the bail bond producer and/or commercial surety is directed to refund the overcharge to said consumer within thirty (30) days.

If at any point after June 1, 2019, the LDI receives evidence of an un-reimbursed overcharge, the LDI may examine the records of the applicable bail bond producer and/or commercial surety to evaluate the efforts of the entity in their attempt to identify impacted consumers and refund overcharges. In reviewing the efforts to locate consumers and refund overcharges, the LDI will review the documentation required to be maintained pursuant to paragraph seven (7) above. The LDI review will include, but not be limited to, the following data elements (the bail bond producer/commercial surety should record as many of which as they are able): consumer name, address, power number (or any number identifying the specific bond), date, amount of premium collected from each consumer, and the face amount of the applicable bond. The documentation should also include a narrative detailing the efforts of the bail bond producer and/or commercial surety in attempting to identify, locate, and refund impacted consumers.

If, after June 1, 2019, the LDI finds an overcharge that was not refunded, the LDI will order a refund be paid within thirty (30) days

of the date of the order pursuant to La. R.S. 22:855(C),(E). Anyone found to not have refunded said excessive premium may also be subject to the provisions of 22:855(F),(G).

On March 22, 2019, defendants filed an administrative appeal in the Division of Administrative Law ("DAL") challenging Directive 214. Morgan intervened in the proceedings.

On June 1, 2019, Governor John Bel Edwards signed Act 54 (effective August 1, 2019), which amended and re-enacted La. R.S. 22:1443 to provide, in pertinent part, as follows:

> B. (1) In any parish having a population of more than three hundred thousand and fewer than four hundred thousand persons according to the latest federal decennial census, to the extent an additional one percent has been collected under color of the provisions of Act No. 350 of the 2005 Regular Session of the Legislature, *no repayment of overcollections as determined by the commissioner shall be required nor shall such actions be considered a violation of R.S. 22:855 or this Section*.[2] (Emphasis added).

On August 12, 2019, Morgan filed a Petition for Class Certification and Declaratory Judgment, asserting four claims. The First Claim for Relief seeks a declaration that La. R.S. 22:1443 limits bail bond agents and their insurers to charging a 12% premium to write a criminal bail bond, and that defendants violated the statute by charging an excessive premium, thus entitling him to a refund. The remaining three claims seek a declaration that Act 54 is unconstitutional. Specifically, Morgan alleged that Subsection B(1) of Act 54: 1) is an unconstitutional local law, applying only to Orleans Parish (Second Claim); 2) is an unconstitutional special law because it affords special benefits to bail bond companies and their insurers that overcharged consumers in Orleans Parish (Third

---

[2] Acts 2019, No. 54 further provided that La. R.S. 22:1443(B)(1) shall have retroactive effect.

3

Claim); and 3) violates due process because it relieves defendants of their obligation to refund Morgan and the putative class members who overpaid for bail bonds under the terms of Directive 214. (Fourth Claim).

On August 25, 2020, Bankers filed an exception of no cause of action as to Morgan's First Claim for Relief, arguing: 1) the Louisiana Insurance Code does not provide for a private right of action; and 2) the administrative hearing is the exclusive mechanism established by the Louisiana legislature for interpretation and enforcement of the Louisiana Insurance Code. Bankers also filed an exception of prematurity as to Morgan's constitutional claims.

The trial court rendered judgment on February 25, 2021, sustaining the exception of no cause of action as to Morgan's First Claim for Relief "referring the determination as to the validity of Directive 214 to the Division of Administrative Law" and granting the exception of prematurity on Morgan's constitutional challenges. The matter was stayed pending a final administrative determination on the validity of Directive 214.

This Court denied Morgan's writ application from the February 25, 2021 judgment. *Morgan v. Blair's Bail Bonds*, 2021-C-0249, (La. App. 4 Cir. 6/8/21). The Louisiana Supreme Court also denied writs. *Morgan v. Blair's Bail Bonds*, 2021-00983, (La. 11/03/21), 326 So.3d 891.

On March 29, 2022, the DAL dismissed the administrative proceedings as moot based on the passage of Act 54. The 19th Judicial District Court concluded that the DAL's decision to dismiss the proceedings was not arbitrary and

4

capricious or in violation of law. That ruling was affirmed on appeal. *Bankers Ins. Co. v. Donelon*, 2023-0871 (La. App. 1 Cir. 3/22/24), 388 So.3d 411.

On June 1, 2023, the trial court lifted the stay that was previously entered on Morgan's constitutional claims.

On October 6, 2023, Bankers filed an exception of no right of action (subsequently adopted by Blair's) as to Morgan's Second, Third, and Fourth Claims, which asserted the unconstitutionality of Act 54. The crux of defendants' argument in the exception of no right of action is that with the granting of the exception of no cause of action on the First Claim for Relief, Morgan has no case or controversy left to adjudicate, and no standing to obtain relief that would amount to an advisory opinion.

Morgan opposed the exception of no right of action and filed a motion for summary judgment seeking a declaration that La. R.S. 22:1443(B)(1) of Act 54 is an unconstitutional local and special law and that its retroactive terms violate due process.

Both matters were brought for hearing on March 28, 2024. Judgment was rendered on June 26, 2024, granting defendants' exception of no right of action and denying Morgan's motion for summary judgment as moot.[3] In Reasons for Judgment, the trial court stated:

> This Court finds that plaintiff's remaining claims, which solely regard the constitutionality of 2019 La. Act 54 and do not seek any relief from the two named defendants, do not a present a justiciable controversy with respect to these two private party defendants. "[F]or a court to entertain an action for declaratory relief, there must be a justiciable controversy and the question presented must be real and not theoretical." *Am. Waste & Pollution Control Co. v. St. Martin Par. Police Jury,* 93-1348 (La. 11/29/93), 627 So.2d 158, 162. A

---

[3] The judgment was amended on February 13, 2024 to correct a decretal language issue as identified by this Court.

"justiciable controversy" is a dispute "admitting of specific relief through a decree of conclusive character." *Id.* at. 161. Any decree that 2019 La. Act 54 is unconstitutional would, at best, merely enable plaintiff to take further steps to pursue relief from the defendants, rather than afford specific relief between the adverse parties in a conclusive manner as required by jurisprudence.

Morgan timely appealed the judgment, asserting that the trial court erred in: 1) granting defendants' exception of no right of action because Morgan has a right of action to seek declaratory relief about whether the legislature violated the Louisiana Constitution when it amended La. R.S. 22:1443 through Act 54 to relieve defendants of their affirmative obligation to refund Morgan and other consumers they overcharged for a bail bond under the terms of Directive 214; and 2) denying Morgan's motion for summary judgment as moot.[4]

**LAW AND ANALYSIS**

***Exception of No Right of Action***

"The exception of no right of action presents a question of law; thus, ... appellate review of that exception is *de novo* and involves determining whether the trial court was legally correct in sustaining such exception." *Lestelle & Lestelle v. Campo Music Shopping Ctr. Condo. Ass'n,* 2021-0077, p. 4 (La. App. 4 Cir. 3/23/21), 315 So.3d 331, 334 (quoting *N. Clark, L.L.C. v. Chisesi*, 2016-0599, p. 6 (La. App. 4 Cir. 12/7/16), 206 So.3d 1013, 1017).

---

[4] We recognize that a judgment denying a motion for summary judgment is not a final and appealable judgment. La. C.C.P. art. 968; *see also Elysian, Inc. v. Neal Auction Co., Inc.*, 2020-0674, p. 7 (La. App. 4 Cir. 7/21/21), 325 So. 3d 1075, 1082. However, "an appellate court 'may consider interlocutory judgments as part of an unrestricted appeal from a final judgment.' " *CDW Servs., LLC v. City of New Orleans*, 2024-0153, p. 3 (La. App. 4 Cir. 9/24/24), 399 So.3d 796, 799 (quoting *State ex rel. Dep't of Soc. Servs. v. Whittington*, 2015-1118, p. 11 (La. App. 4 Cir. 5/18/16), 193 So.3d 1234, 1241).

As reiterated by this Court in *Crosby v. Waits, Emmett, Popp & Teich,*

*L.L.C.*, 2021-0054, pp. 10-11 (La. App. 4 Cir. 10/6/21), 366 So.3d 323, 330

(footnote omitted):

> "Except as otherwise provided by law, an action can be brought
> only by a person having a real and actual interest which he asserts."
> La. C.C.P. art. 681. The exception of "[n]o right of action, or no
> interest in the plaintiff to institute the suit" is a peremptory exception.
> La. C.C.P. art. 927(A)(6). "The function of the peremptory exception
> is to have the plaintiff's action declared legally nonexistent, or barred
> by effect of law, and hence this exception tends to dismiss or defeat
> the action." La. C.C.P. art. 923. "Specifically, '[t]he function of an
> exception of no right of action is to determine whether the plaintiff
> belongs to the class of persons to whom the law grants the cause of
> action asserted in the suit.' " *Williams v. Buck Kreihs Marine Repair,
> LLC*, 2021-0001, p. 4 (La. App. 4 Cir. 2/24/21), 314 So.3d 1040, 1043
> (quoting *Abadie v. Arguelles*, 2019-0749, p. 3 (La. App. 4 Cir.
> 2/19/20), 292 So.3d 961, 963). "[T]he exception of no right of action
> assumes that the petition states a valid cause of action and questions
> whether the plaintiff in the particular case has a legal interest in the
> subject matter of the litigation." *Id.* (quoting *Van Meter v. Gutierrez*,
> 2004-0706, p. 7 (La. App. 4 Cir. 2/16/05), 897 So. 2d 781, 786). "The
> defendant-exceptor has the burden of proving the exception of no
> right of action." *Williams*, 2021-0001, p. 4, 314 So.3d at 1044
> (quoting *Abadie*, 2019-0749, p. 3, 292 So.3d at 964). "In reviewing a
> trial court's ruling on an exception of no right of action, an appellate
> court 'begins with an examination of the pleadings.' " *N. Clark,
> L.L.C. v. Chisesi*, 2016-0599, p. 6 (La. App. 4 Cir. 12/7/16), 206
> So.3d 1013, 1017 (quoting *Gisclair v. La. Tax Comm'n*, 2010-0563, p.
> 2 (La. 9/24/10), 44 So.3d 272, 274).

***Motion for Summary Judgment Seeking Declaratory Relief***

It is well established that the review of a trial court's decision to grant

or deny a motion for summary judgment is *de novo.*" *Reddick v. State,*

2021-0197, p. 5 (La. App. 4 Cir. 9/29/21), 328 So.3d 504, 507.

Regarding appellate review of an action seeking a declaratory

judgment, this Court held as follows:

> Furthermore, "La. C.C.P. art. 1871 provides that '[c]ourts of
> record within their respective jurisdictions may declare rights, status,

7

and other legal relations whether or not further relief is or could be claimed.' " *Robin v. Creighton-Smith*, 21-0737, p. 4 (La. App. 4 Cir. 5/11/22), 340 So.3d 174, 178. "La. C.C.P. art. 1876 provides that '[t]he court may refuse to render a declaratory judgment or decree where such judgment or decree, if rendered, would not terminate the uncertainty or controversy giving rise to the proceeding.' " *Id.* " 'It is well settled that with regard to the standard of review of a declaratory judgment action that '[o]n appeal, the scope of appellate review is confined to a determination of whether or not the trial court abused its discretion by granting or refusing to render a declaratory judgment.' " *Id.* (citing *Battle v. Watson Invs.*, Inc., 06-0202, pp. 2-3 (La. App. 4 Cir. 11/21/06), 946 So.2d 226, 228). "Moreover, the Louisiana Supreme Court has held that '[t]rial courts are vested with wide discretion in deciding whether to grant or refuse declaratory relief.' " Id. at p. 4, 340 So.3d at 178-179 (quoting *Louisiana Supreme Court Committee on Bar Admissions ex rel. Webb v. Roberts*, 00-2517, p. 3 (La. 2/21/01), 779 So.2d 726, 728).

Notwithstanding, "[a]lthough [a] decision is subject to an abuse of discretion standard of review, the judgment itself is still reviewed under the appropriate standard of review. Thus, questions of law are reviewed *de novo*, while questions of fact are subject to a manifest-error standard of review." *Id.* at pp. 4-5, 340 So.3d at 179 (citing *Westlawn Cemeteries, L.L.C. v. Louisiana Cemetery Bd.*, 21-01414, (La. 3/25/22), 339 So.3d 548, 559). Because the matter before this Court involves the interpretation of statutory provisions and only questions of law are presented, our review is *de novo*.

*Sebble on Behalf of Est. of Brown v. St. Luke's #2, LLC,* 2022-0620, pp. 4-5 (La. App. 4 Cir. 3/6/23), 358 So.3d 1030, 1034.

Moreover, a party challenging the constitutionality of a statute "ha[s] the burden of introducing evidence of his entitlement to bring a declaratory judgment action, *i.e.*, his standing to bring suit." *In re Melancon*, 2005-1702, p. 7 (La. 7/10/06), 935 So.2d 661, 667.

In the present exception of no right of action (and in opposition to Morgan's motion for summary judgment) defendants argue that with the dismissal of Morgan's First Claim – wherein he sought a declaration that defendants violated the Louisiana Insurance Code by charging him an excessive premium – Morgan was left with no claim for relief against

defendants. More specifically, defendants contend that Morgan's three remaining claims do not request that the trial court render a ruling against defendants and/or require defendants to provide Morgan with a remedy.

Accordingly, defendants submit that the trial court properly determined there is no case or controversy between these parties for the court to resolve, and that Morgan had no standing to seek a declaratory judgment as to the abstract constitutionality of Act 54.

In support of this argument, defendants rely on *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 S. Ct. 2190, 210 L.Ed.2d 568 (2021) (internal citations omitted), wherein the Court held that "if the plaintiff does not claim to have suffered an injury that the defendant caused and the court can remedy, there is no case or controversy for the federal court to resolve."

Defendants submit that a declaratory judgment on the constitutionality of Act 54 would serve no practical purpose and would be a pure advisory opinion because the trial court cannot provide the ultimate relief that Morgan is seeking, *i.e.* a determination that defendants owe Morgan a refund. Defendants also point out that Morgan failed to follow the required administrative procedure to obtain an order from the Commissioner determining that defendants owed Morgan a refund pursuant to Directive 214 and La. R.S. 22:855.[5]

---

[5] La. R.S. 22:855 provides, in pertinent part:

> E. (1) Upon making a written finding that an amount in excess of the quoted premium has been received, the commissioner shall issue a written order to the person who received the excess amount to refund it to the person who paid it. Such amount shall be paid within thirty days after the date of the commissioner's order in the matter.

Morgan counters, asserting that he has a right of action in the present case because he belongs to a class of persons who defendants overcharged in the purchase of a bail bond. Further, Morgan maintains that the unconstitutionality of Act 54 presents a justiciable controversy because a declaratory judgment would terminate the controversy created with the passage of Act 54 by clarifying the rights and obligations of the parties under the Act and Directive 214. Morgan asserts that if Act 54 is declared unconstitutional then it can no longer immunize defendants from their obligation to issue Morgan a refund under Directive 214.

Morgan argues that courts can declare rights of parties even if additional relief could be claimed. In support, he relies on La. C.C. P. art. 1871, which provides, in part that in a declaratory judgment action, a court may "declare rights, status, and other legal relations whether or not further relief is or could be claimed." Here, Morgan contends that seeking a refund from defendants in the future does not prohibit the trial court from issuing a declaratory judgment to clarify the uncertainty created by Act 54. He submits that courts have routinely granted a declaratory judgment even if additional proceedings were necessary to seek additional relief, citing, *e.g.*, *In re Lorusso*, 2011-0666 (La. App. 1 Cir. 12/29/11), 85 So.3d 712; *State Through Louisiana Riverboat Gaming Comm'n v. Louisiana State Police*

---

(2) Upon such determination, the person ordered to pay the refund may appeal to the Nineteenth Judicial District Court after paying to the commissioner a sum equal to one-half of the assessed refund. The commissioner shall keep any such sum paid in escrow and shall return it promptly to the payor if he prevails in the court proceeding. Thirty days after the commissioner's written findings or thirty days after final denial of the appeal, any order of the commissioner made pursuant to this Section shall be enforceable as a judgment under the Code of Civil Procedure.

*Riverboat Gaming Enf't Div.*, 97-0167 (La. App. 1 Cir. 6/20/97), 696 So.2d 645; *Pace Royalty Trust Fund, Inc. v. O'Neal*, 40,841, p. 6 (La. App. 2 Cir. 4/19/06), 927 So.2d 687; and *Claitor v. Delahoussaye*, 2002-1632 (La. App. 1 Cir. 5/28/03), 858 So.2d 469.

We find these cases to be factually distinguishable as they involve situations wherein the plaintiffs were permitted to amend their pleadings or file a second pleading seeking damages or further relief in the trial court. In the present case, with the granting of defendants' exception of no cause of action – dismissing Morgan's First Claim for Relief – Morgan has no remaining claim for relief against defendants that the trial court can remedy in any further proceedings.

In review of the pronouncements from the Louisiana Supreme Court in declaratory judgment matters, the First Circuit Court of Appeal explained,

> A person "whose rights, status, or other legal relations are affected by a statute" may seek the determination of "any question of construction or validity arising under the ... statute ... and obtain a declaration of rights, status, or other legal relations thereunder." La. C.C.P. art. 1872. Declaratory judgment may be rendered "whether or not further relief is or could be claimed." La. C.C.P. art. 1871. Nevertheless, a declaratory judgment has the force and effect of a final judgment or decree and may serve as the basis for a petition seeking further relief. *See* La. C.C.P. arts. 1871, 1878.

> However, the court may refuse to render a declaratory judgment or decree where such judgment or decree, if rendered, will not terminate the uncertainty or controversy giving rise to the proceeding. La. C.C.P. art. 1876. Our jurisprudence has limited the availability of declaratory judgment by holding that "courts will only act in cases of a present, justiciable controversy and will not render merely advisory opinions." *Church Point Wholesale Beverage Co., Inc. v. Tarver*, 614 So.2d 697, 701 (La. 1993).

> A justiciable controversy is a real and substantial controversy admitting of specific relief through a decree of conclusive character. *Am. Waste & Pollution Control Co. v. St. Martin Parish Police Jury*, 627 So.2d 158, 161 (La. 1993). It has been generally defined as a

11

dispute between "adverse parties with opposing claims ripe for judicial determination," involving "specific adversarial questions asserted by interested parties based on existing facts." *Prator v. Caddo Parish,* 04-0794, pp. 5-6 (La. 12/1/04), 888 So.2d 812, 816.

*Steiner v. Reed*, 2010-1465, pp. 5-6 (La. App. 1 Cir. 2/11/11), 57 So.3d 1188, 1192.

Here, the record reflects that the Commissioner has not issued an order pursuant to Directive 214 and La. R.S. 22:855 E(1) finding that defendants charged Morgan an excessive premium and ordering defendants to issue a refund. Moreover, as stated above, Morgan's claim for relief against defendants has been dismissed with the granting of defendants' exception of no cause of action. Thus, we find, as did the trial court, that there is no justiciable controversy upon which the court can act. In sum, after a thorough review of the record, and considering the wide discretion afforded the trial court in declaratory judgment actions, we find no error in the trial court's ruling.

**DECREE**

For the foregoing reasons, we affirm the June 26, 2024 judgment granting defendants' exception of no right of action and denying Morgan's motion for summary judgment seeking declaratory relief.

**AFFIRMED**

12