942 So.2d 1076 (2006)
Willie L. HUGHES
v.
Paul D. CONNICK, Jr., District Attorney, 24th Judicial District, State of Louisiana.
No. 06-CA-152.
Court of Appeal of Louisiana, Fifth Circuit.
September 26, 2006.
Willie L. Hughes, in Proper Person/Plaintiff/Appellant.
Paul D. Connick, Jr., District Attorney, Twenty-Fourth Judicial District, Parish of Jefferson, Terry M. Boudreaux, Assistant District Attorney, Gretna, Louisiana, for Defendant/Appellee.
Panel composed of Judges SUSAN M. CHEHARDY, CLARENCE E. McMANUS, and JAMES C. GULOTTA, Judge, Pro Tempore.
CLARENCE E. McMANUS, Judge.
This appeal is from the trial court's granting of the district attorney's exception of no right of action and res judicata, dismissing Hughes' civil petition for declaratory judgment, which alleged the criminal statute under which he had been convicted was unconstitutional.

STATEMENT OF THE CASE
Willie L. Hughes ("Hughes") was charged with battery of a police officer requiring medical attention pursuant to La. R.S. 14:34.2(B). On April 20, 1999, Hughes pled guilty as charged. The trial *1078 court sentenced him to five years at hard labor. Thereafter, the State filed a habitual offender bill. Hughes stipulated to the bill and the trial court vacated his original sentence and re-sentenced him to ten years at hard labor without the benefit of parole, probation, or suspension of sentence. Hughes did not appeal; therefore, his conviction and sentence became final upon the expiration of time limits.
Hughes filed an application for post-conviction relief on November 11, 1999. The trial court denied his application. In his notice of intent to appeal filed with the trial court, Hughes argued that the trial court had failed to rule on two of his four grounds for relief. Hughes filed an appeal with this Court on January 14, 2000. This Court denied Hughes' application for review on January 21, 2000. The Supreme Court refused his application for review on November 3, 2000. State ex rel. Hughes v. State, 00-0700 (La.11/3/00), 772 So.2d 666.
On March 16, 2000, the trial court heard the remainder of Hughes' grounds for relief initially argued in his application for post-conviction relief. The trial court denied Hughes' claims for relief on those grounds. Hughes then filed a motion to correct illegal sentence, which the trial court denied on June 30, 2000. Hughes then filed a writ of mandamus with this Court, arguing that the trial court failed to act on the motion to correct illegal sentence. This Court denied the writ as moot on July 11, 2000. Hughes then filed another writ application with this Court on July 28, 2000 seeking review of the trial court's denial of his motion to correct illegal sentence. This Court denied his writ application on August 11, 2000. Hughes filed writs with the Louisiana Supreme Court on September 29, 2000. The supreme court denied his writ application on June 15, 2001. State ex rel. Hughes v. State, 00-2718, (La.7/15/01), 793 So.2d 1238.
On July 28, 2005, Hughes filed a civil Petition for Declaratory Judgment in the 24th Judicial District Court alleging that the statute under which he was convicted, LSA-R.S. 14:34.2 B(3), was unconstitutionally vague on its face. Hughes' Petition named the State of Louisiana, District Attorney for the 24th Judicial District Court as defendant. Defendant, District Attorney Paul D. Connick, Jr., filed Peremptory Exceptions of No Right of Action and Res Judicata on November 2, 2005. A hearing on the exceptions was held on December 15, 2005 and on that date, the trial court granted the exceptions, dismissing Hughes' petition. Hughes filed a motion for appeal in the trial court on January 20, 2006 and the trial court entered an order granting his appeal on January 24, 2006.

DISCUSSION
Hughes now appeals the trial court's granting of the district attorney's Peremptory Exceptions of No Right of Action and Res Judicata, arguing that the trial court granted the exceptions without reason when no jurisprudence or statutory authority was cited by the district attorney. For the reasons which follow, we affirm the trial court's granting of the exceptions and dismissal of the petition.
The Peremptory Exception of No Right of Action filed by the district attorney alleged that Hughes had no real and actual interest in the suit and there is no actual, justiciable controversy for which he may seek declaratory judgment. The district attorney argued that Hughes does not have a real and actual interest in this suit because he is a state prisoner that has already been convicted of the statute in question, he has exhausted all appeals, post conviction review, habeas corpus review, and his sentence and conviction are *1079 final. The district attorney argues that Hughes' criminal proceedings afforded him every opportunity to question the validity of the statute so a civil, declaratory action was no longer appropriate. The district attorney further argues that once Hughes' conviction and sentence became final and he had exhausted all possibility of relief, the controversy ceased to exist and he has no right of action. Therefore, the district attorney contends the trial court properly granted its Exception of No Right of Action.
The district attorney also contends that Hughes' civil claim is barred by res judicata because he was afforded a full opportunity to question the constitutionality of the statute in his criminal prosecution, and res judicata bars the relitigation of the subject matter arising from the same transaction or occurrence of a previous suit.
On appeal, Hughes argues he has a right of action because he could be prosecuted in Louisiana for violating the statute in question. He also reasons that this civil claim would only be barred by res judicata if his original suit was civil in nature.
We agree with the trial court and the district attorney and find Hughes does not have a right of action in this matter, and this claim is barred by res judicata. Hughes has sought a declaratory judgment that this particular criminal statute is unconstitutional.
La. C.C.P. art. 681 provides that ". . . an action can be brought only by a person having a real and actual interest which he asserts." Louisiana courts have consistently held that declaratory relief is available to decide a justiciable controversy, meaning a presently existing, actual and substantial dispute, but the courts are not empowered to render advisory opinions on moot or abstract issues of law. Robertson v. Caddo Parish, 36,540 (La. App.2 Cir. 12/11/02), 833 So.2d 1139, writ denied, 03-0729 (La.4/23/04), 870 So.2d 284, citing American Waste & Pollution Control Co. v. St. Martin Parish Police Jury, 627 So.2d 158 (La.1993). These purposes apply to both civil and criminal ordinances, and in the criminal context, these purposes are met only where an individual falls within a class which is threatened with prosecution under an allegedly unconstitutional statute, not after the prosecution has begun. Id.
We agree with the trial court that Hughes has no right of action to pursue this declaratory judgment. He has no real or actual interest in this statute being declared unconstitutional. He is not currently threatened with prosecution under the statute. He has already been convicted of this crime and his conviction and sentence are final. Hughes has no actual, justiciable controversy that would provide him a right of action in this declaratory action.
In addition, we find Hughes is barred by res judicata from bringing this civil action to declare the statute unconstitutional because his criminal conviction involving this statute has been fully litigated in the criminal proceeding. La. R.S. 13:4231 provides:
Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:
(1) If the judgment is in favor of the plaintiff, all causes of action existing at the time of the final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and merged in the judgment.
(2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a *1080 subsequent action on those causes of action.
(3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.
During the criminal proceeding against Hughes, including the post-conviction relief application, writs, and appeals, he did not question the constitutionality of the statute under which he had been charged and pled guilty. His conviction and sentence are now final. Therefore, he is now barred from relitigating this matter by claiming the criminal statute is unconstitutional through this civil action.
Accordingly, we affirm the trial court's judgment granting the district attorney's Peremptory Exceptions of No Right of Action and Res Judicata.
AFFIRMED.