PAUL M. POUPART

VERSUS

STATE OF LOUISIANA

NO. 25-CA-102

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 856-442, DIVISION "O"
HONORABLE DANYELLE M. TAYLOR, JUDGE PRESIDING

September 24, 2025

**SUSAN M. CHEHARDY**
**CHIEF JUDGE**

Panel composed of Judges Susan M. Chehardy,
Jude G. Gravois, and Timothy S. Marcel

<u>**AFFIRMED**</u>
**SMC**
**JGG**
**TSM**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Jalisa Walker
Deputy, Clerk of Court

PLAINTIFF/APPELLANT,
PAUL M. POUPART
    In Proper Person

COUNSEL FOR DEFENDANT/APPELLEE,
STATE OF LOUISIANA
    Elizabeth B. Murrill
    David J. Smith, Jr.
    Terrel T. Kent
    Jennifer W. Moroux

**CHEHARDY, C.J.**

Plaintiff-appellant, Paul M. Poupart, appeals the trial court's January 27, 2025 judgment, which sustained peremptory exceptions raising the objections of lack of subject matter jurisdiction, *res judicata*, no right of action, and no cause of action, that were filed by defendant-appellee, the State of Louisiana, through Liz Murrill in her official capacity as the Attorney General for the State of Louisiana (the "State"), and which dismissed Mr. Poupart's declaratory judgment action, wherein he alleged the multiple offender statute, La. R.S. 15:529.1, under which he was adjudicated and sentenced as a fourth felony offender, was unconstitutional.[1] For the reasons that follow, we affirm the trial court's judgment.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

In January 2011, following a jury trial, plaintiff-appellant, Paul M. Poupart, proceeding *pro se*, was found guilty of public intimidation, and was sentenced to imprisonment at hard labor for a term of five years. He was later adjudicated a fourth felony offender, and on April 29, 2011, his original five-year sentence was vacated, and he was re-sentenced under La. R.S. 15:529.1, to imprisonment at hard labor for a term of twenty years, to be served without the benefit of probation or suspension of sentence. Mr. Poupart's sentence and conviction were upheld by this Court on February 28, 2012, and the Supreme Court subsequently denied writs. *See State v. Poupart*, 11-710 (La. App 5 Cir. 2/28/12), 88 So.3d 1132, *writ denied*, 12-705 (La. 10/8/12), 98 So.3d 867. Mr. Poupart filed five applications for post-conviction relief, as well as other legal actions, and, in 2017, the Supreme Court declared that he had exhausted his right to obtain post-conviction relief in state court. *See State ex rel. Poupart v. State*, 17-1237 (La. 9/15/17), 224 So.3d 960.

---

[1] Additionally, the judgment declared as moot the State's declinatory exceptions of prematurity and unauthorized use of a summary proceeding and the declinatory exceptions of insufficiency of service of process and insufficiency of citation.

In 2022, apparently after "learning that [his] sentence was [purportedly] unconstitutional," Mr. Poupart filed a Request for Administrative Remedy Procedure with the Department of Corrections, which was rejected on the basis that "offenders may request administrative remedies for situations arising from policies, conditions, or events within the institution only." Mr. Poupart again sought to challenge his conviction for public intimidation by filing a pleading captioned "Motion to Correct an Illegal Sentence" in the district court, arguing that La. R.S. 15:529.1 had been repealed without a savings clause in July 1956, and thus, his sentence was unconstitutional. Having determined that the caption of Mr. Poupart's pleading was not controlling, the district court construed his motion as, in fact, yet another application for post-conviction relief under La. C.Cr.P. art. 924, which it concluded was procedurally time-barred under La. C.Cr.P. art. 930.8, as it was filed nearly ten years after Mr. Poupart's conviction and sentence became final.[2] This Court and the Supreme Court subsequently denied writs. *See State v. Poupart*, 22-464 (La. App. 5 Cir. 12/20/22) (unpublished writ application), *writ denied*, 23-278 (La. 6/7/23), 361 So.3d 983. Mr. Poupart filed a petition for writ of certiorari with the United States Supreme Court, which also denied relief. *See Poupart v. Louisiana*, 144 S.Ct. 335, 217 L.Ed.2d 175 (2023), *reh'g denied*, 144 S.Ct. 534, 217 L.Ed.2d 282 (2023).

On June 9, 2022, while his criminal proceedings were still pending, Mr. Poupart filed the instant declaratory judgment action, originally in the Nineteenth Judicial District Court for the Parish of East Baton Rouge, seeking to have La. R.S. 15:529.1, under which he was convicted and sentenced as a fourth felony offender,

---

[2] The district court issued an order denying the motion, stating "Relief is barred by mandatory post-conviction rules including the fact that the request is successive, repetitive, and untimely, therefore, the request is time-barred and procedurally barred, and relief is not warranted under any legal theory." Mr. Poupart also filed a motion to quash the multiple offender bill of information, again arguing La. R.S. 15:529.1 was not validly passed by the Legislature. Applying La. C.Cr.P. art. 535, the district court determined that such a motion should be filed prior to the commencement of trial and, as such, Mr. Poupart's motion was clearly untimely.

declared unconstitutional, once again arguing that the statute had been repealed without a savings clause in 1956—the same arguments he urged in his ongoing criminal proceedings in 2022. In effect, by way of this civil action, despite his protestations to the contrary, Mr. Poupart is ultimately seeking to have his criminal conviction and sentence as a multiple offender overturned by challenging the constitutionality of La. R.S. 15:529.1.

Of significance, in his petition seeking declaratory relief, Mr. Poupart does not name a defendant, and, upon information and belief, no party has ever been properly served with citation and petition. In December 2023, however, the Secretary of the Department of Public Safety and Corrections ("DPSC") was served with "notice" of Mr. Poupart's filing. In response, DPSC filed an exception of improper venue on the basis that Mr. Poupart's petition for declaratory judgment was related to his criminal conviction in Jefferson Parish. On February 12, 2024, the trial court sustained DPSC's exception and this suit was transferred to the Twenty-Fourth Judicial District Court for the Parish of Jefferson.

Following the transfer, despite having not been properly served with the petition, the State, through Liz Murrill in her official capacity as the Attorney General for the State of Louisiana, filed numerous exceptions, including the following: peremptory exceptions of lack of subject matter jurisdiction, *res judicata*, no right of action, and no cause of action; dilatory exceptions of prematurity and unauthorized use of a summary proceeding; and declinatory exceptions of insufficiency of service of process and insufficiency of citation. The State's exceptions came for hearing on January 9, 2025, and at the conclusion of the hearing, the trial court orally ruled, sustaining the State's peremptory exceptions of lack of subject matter jurisdiction, *res judicata*, no right of action, and no cause of action, and declaring the remaining dilatory and declinatory

exceptions as moot. A written judgment to this effect was signed on January 27, 2025, which judgment dismissed Mr. Poupart's suit with prejudice at his cost.

This timely appeal ensued.

**DISCUSSION**

Mr. Poupart now appeals the trial court's judgment sustaining the State's peremptory exceptions of lack of subject matter jurisdiction, *res judicata*, no right of action, and no cause of action. We find no error in the trial court's judgment.

The peremptory exception of lack of subject matter jurisdiction filed by the State alleged that Mr. Poupart's bringing a declaratory judgment action is an attempt to overturn his criminal conviction and sentence by challenging the constitutionality of the multiple offender statute. Although framed as a civil action for declaratory judgment, the State avers that Mr. Poupart's petition effectively seeks post-conviction relief, much like his previously filed motion to correct illegal sentence. The State argues that the law is well-settled that a prisoner cannot file a civil action to collaterally attack a criminal conviction or to bypass the procedural requirements governing post-conviction relief. Also, the State posits that the trial court does not have subject matter jurisdiction over a separate civil suit to undermine Mr. Poupart's criminal conviction.

According to the State, even assuming Mr. Poupart's assertion that he is not seeking to overturn his conviction or sentence is true, Mr. Poupart has no right of action to bring this action because he has no real and actual interest in the suit and, thus, there is no actual, justiciable controversy for which he may seek declaratory relief. Specifically, the State argues Mr. Poupart does not have a real and actual interest in this suit because he is a state prisoner that has already been adjudicated a fourth felony offender under La. R.S. 15:529.1, he has exhausted all appeals and post-conviction relief, and his conviction and sentence have been final since 2012. Consequently, resolution of the instant suit would have no effect whatsoever on

Mr. Poupart and would be tantamount to a request for an advisory opinion as to the constitutionality of the multiple offender statute. Further, the State avers that, in his criminal proceedings, Mr. Poupart raised the question regarding the validity and constitutionality of La. R.S. 15:529.1, which the district court rejected, so a civil, declaratory judgment action is no longer appropriate. Put simply, once Mr. Poupart's conviction and sentence as a fourth felony offender became final and he exhausted all possibility of post-conviction relief, the controversy ceased to exist and Mr. Poupart has no right of action to pursue this civil action.

The State further argues that Mr. Poupart's civil claim is barred by *res judicata* because his declaratory judgment action is, in essence, a petition for post-conviction relief on the same exact issue—the constitutionality of the statute—that was raised in his criminal proceedings and was rejected, not only by the district court, but also by this Court and the Supreme Court. Consequently, the State avers that *res judicata* bars re-litigation of the constitutionality issue raised in Mr. Poupart's declaratory judgment action, which is the same issue that is the subject of a final judgment issued by another court in Mr. Poupart's criminal proceedings.

On appeal, Mr. Poupart argues that, because his declaratory judgment action is civil in nature "and the availability of declaratory relief is governed by the general civil jurisdiction of the courts," who have "original jurisdiction" over such matters, the trial court has subject matter jurisdiction over this civil proceeding. La. C.C.P. art. 2.[3] He also reasons that his civil claim seeking a declaration as to the constitutionality of La. R.S. 15:529.1 is not barred by *res judicata*, because the prior final judgments denying his post-conviction relief and his motion to correct illegal sentence were criminal in nature and did not definitively resolve the question of the constitutionality of the multiple offender statute, which question he

_____

[3] La. C.C.P. art. 2 provides: "Jurisdiction over the subject matter is the legal power and the authority of a court to hear and determine a particular class of actions or proceedings, based upon the object of the demand, the amount in dispute, or the value of the right asserted."

contends is civil in nature. Alternatively, Mr. Poupart suggests the trial court abused its discretion by failing to exercise its "equitable discretion to balance the principle of *res judicata* with the *interest of justice*," and to consider the "exceptional circumstances" that "justify relief from [the] *res judicata* effect of the judgment," and should allow him to pursue this declaratory judgment action. Mr. Poupart avers that he does have standing and a right of action to challenge an invalid law used against him illegally and that his "due process rights" require that he be allowed to pursue this declaratory judgment action. He further states that he has a cause of action because he has been "injuriously affected" by the State's enforcement of the unconstitutional sentencing statute. Lastly, Mr. Poupart contends that his due process rights were denied when the trial court dismissed his entire suit with prejudice.

We agree with the trial court and the State and find (1) the trial court does not have subject matter jurisdiction over Mr. Poupart's declaratory judgment action; (2) Mr. Poupart does not have a right of action in this matter; and (3) Mr. Poupart's claim is barred by *res judicata*.

Mr. Poupart has sought a declaratory judgment that the multiple offender statute—a criminal statute—is unconstitutional. The trial court lacks jurisdiction to grant Mr. Poupart the relief he purportedly seeks. First, an objection to the constitutionality of a criminal statute may be urged only by the filing of a motion to quash the indictment *before* commencement of the trial, not through a petition for declaratory judgment in a civil court. *See* La. C.Cr.P. art. 535; *Ricks v. Louisiana Department of Justice*, 23-549 (La. App. 1 Cir. 11/3/23), 378 So.3d 83, 87. Additionally, although framed as a civil action for declaratory relief, Mr. Poupart's efforts to challenge the constitutionality of La. R.S. 15:529.1 is an impermissible collateral attack on his final criminal conviction and sentence as a multiple felony offender, which cannot be pursued through a civil proceeding. It is

well-established in Louisiana that a prisoner may not use civil proceedings to collaterally attack previous criminal convictions. *Ricks*, 378 So.3d at 87; *Straughter v. Louisiana Department of Public Safety & Corrections*, 17-384 (La. App. 1 Cir. 11/1/17), 233 So.3d 89, 91, *writ denied*, 18-187 (La. 2/11/19), 263 So.3d 893.[4]

Second, even assuming as true Mr. Poupart's contention that he is not seeking to overturn his conviction or sentence, La. C.C.P. art. 681 provides that "… an action can be brought only by a person having a real and actual interest which he asserts." Louisiana courts have consistently held that declaratory relief is available to decide a "justiciable" controversy, meaning a presently existing, actual and substantial dispute, but the courts are not empowered to render advisory opinions on moot or abstract issues of law. *Hughes v. Connick*, 96-152 (La. App. 5 Cir. 9/26/06), 942 So.2d 1076, 1079. These purposes apply to both civil and criminal ordinances, and in the criminal context, these purposes are met only where an individual falls within a class that is threatened with prosecution under an allegedly unconstitutional statute, not after prosecution has begun. *Id.* Here, Mr. Poupart has no real or actual interest in the multiple offender statute being declared unconstitutional. He is not currently threatened with prosecution under the statute. He has already been adjudicated and sentenced as a fourth felony offender under La. R.S. 15:529.1 and his conviction and sentence are final. As such, any opinion as to the constitutionality of the statute at this juncture would be merely an advisory opinion, as the result would not affect Mr. Poupart personally. Thus, the trial court properly sustained the State's exception of lack of subject matter jurisdiction.

---

[4] Further, while an illegal sentence may be corrected at any time, only the sentencing court itself or the appellate court having jurisdiction over the sentencing court have authority to do so. La. C.Cr.P. art. 882(A); *Ricks*, 378 So.3d at 87.

For similar reasons, we also agree with the trial court that Mr. Poupart does not have a right of action to pursue this declaratory judgment action. Mr. Poupart was adjudicated and sentenced as a fourth felony offender in 2011. Louisiana law provides that declaratory judgment actions are only appropriate to test the validity of criminal statutes before prosecution has commenced. As previously stated, Mr. Poupart's conviction and sentence have been final since 2012. In *Shepherd v. Shedler*, 15-1750 (La. 1/27/16), 209 So.3d 752, 762, the Supreme Court iterated the following applicable principles:

> One of the predicate issues that must be decided by a court before considering a constitutional challenge is whether the party seeking the declaration of unconstitutionality has standing to bring the challenge. To have standing to bring a constitutional challenge, the party bringing the challenge must have rights in controversy. [Citations omitted.]

Mr. Poupart is not currently threatened with prosecution under the multiple offender statute. As he has no real or actual, current interest in the constitutionality of La. R.S. 15:529.1, we find that no justiciable controversy exists that would provide him a right of action or standing to pursue this civil declaratory judgment action.[5]

In addition, we find the trial court correctly determined that Mr. Poupart is barred by *res judicata* from bringing this civil action to declare La. R.S. 15:529.1 unconstitutional, because his criminal conviction involving this statute has been fully litigated in the criminal proceeding. La. R.S. 13:4231 provides:

> Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:

---

[5] We likewise find the trial court correctly determined that Mr. Poupart's petition for declaratory judgment fails to state a cause of action upon which relief can be granted. Although the caption of his petition indicates his claim is against the State of Louisiana, Mr. Poupart's petition states no allegations against the State, or any other defendant, for that matter. Further, as previously indicated, his effort to challenge La. R.S. 15:529.1 is an impermissible collateral attack on his final criminal conviction that cannot be pursued through a civil proceeding; it must be brought in an application for post-conviction relief, not in a declaratory judgment action.

(1) If the judgment is in favor of the plaintiff, all causes of action existing at the time of the final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and merged in the judgment.

(2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.

(3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.

During the criminal proceedings, including the post-conviction relief applications, writs, and appeals, Mr. Poupart questioned the constitutionality of the multiple offender statute under which he was adjudicated and sentenced, and his claims were rejected.[6] Mr. Poupart's conviction and sentence under the multiple offender statute as a fourth felony offender have been fully litigated in the criminal proceeding and are now final. The parties—Mr. Poupart and the State—are the same in both actions, the current cause of action existed at the time of the prior final judgment, and it arises from the same underlying facts. Consequently, he is now barred from relitigating this matter by claiming the multiple offender statute is unconstitutional through this civil action. *See Hughes*, *supra*.

Accordingly, for the foregoing reasons, we affirm the trial court's judgment granting the State's peremptory exceptions of lack of subject matter jurisdiction, no right of action, no cause of action, and *res judicata*.

**AFFIRMED**

---

[6] Louisiana court have held that a constitutional challenge not raised during criminal proceedings cannot later be brought in a civil suit. *See Hughes*, 942 So.2d at 1080.

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL
TIMOTHY S. MARCEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. TRAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY **SEPTEMBER 24, 2025** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
**CLERK OF COURT**

# 25-CA-102

**E-NOTIFIED**
24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE DANYELLE M. TAYLOR (DISTRICT JUDGE)
DAVID J. SMITH, JR. (APPELLEE)          ELIZABETH B. MURRILL (APPELLEE)          GRANT L. WILLIS (APPELLEE)
JENNIFER W. MOROUX (APPELLEE)          OLIVIA G. BOUDREAUX (APPELLEE)

**MAILED**
PAUL M. POUPART #357073 (APPELLANT)          TERREL T. KENT (APPELLEE)
ELAYN HUNT CORRECTIONAL CENTER          POST OFFICE BOX 94005
6925 HIGHWAY 74          BATON ROUGE, LA 70804
ST. GABRIEL, LA 70776