CHIASSON, Judge.
This is an appeal of a judgment of the District Court denying Maurice L. Brown, plaintiff-appellant, a preliminary injunction prohibiting R. T. Sutton, Commissioner of Conservation, Department of Conservation of the State of Louisiana, defendant-appel-lee, from putting into effect or continuing in effect Commissioner’s Order 457-EE.
*899 On May 12,1976, Pranks Petroleum, Inc., intervenor-appellee, pursuant to L.R.S. 30:5(C) applied for a public hearing and order to establish and maintain a unitized operation and secondary recovery project for the Cotton Valley reservoir of the Min-den Field, Webster Parish, Louisiana. Included in the application was a list of the parties at interest and the represented owners. The name of the appellant was not on this list.
A public hearing on the application for unitization was set for July 13, 1976, in Baton Rouge, Louisiana. Legal notice of the hearing was published in the State-Times, a daily newspaper of general circulation and the Official Journal of the State of Louisiana. A copy of the notice was also sent to all listed interested parties.
The applicant on June 3, 1976, requested that the hearing be continued from July 13, 1976, to a later date because the engineer who was to present the engineering studies had been subpoenaed to appear in Federal Court on that date.
On June 15, 1976, counsel for the appellant sent a letter to Gene Griswold, attorney for the Alice-Sidney Oil Company, which took note of the application and stated that interests claimed by Alice-Sidney and perhaps others were adverse to those claimed by the appellant and that this matter should be resolved prior to unitization. Copies of the letter were sent to various interested parties including the Department of Conservation.
The date of the public hearing was changed from July 13, 1976, to September 15, 1976, and the location from Baton Rouge, Louisiana, to Shreveport, Louisiana. The record does not indicate when this change was made or that notice of the change was given.
The public hearing on the application for unitization was held on September 15, 1976. At the hearing Sam Caverlee, an attorney for the appellant, appeared and argued that the Department could not hear the case because proper notice had not been given and that, as a result, he had not had an opportunity to prepare a presentation. An offering of evidence was made by Mr. Cav-erlee at this time, which offering was not ever filed in the record of the hearing.
On September 23, 1976, Commissioner’s Order 457-EE was issued establishing the unit. The appellant on October 1, 1976, filed suit in Webster Parish, Louisiana, seeking a declaratory judgment determining the ownership of the disputed mineral interest. This suit is now pending.
In letters dated October 1, 1976, October 4, 1976, and October 8, 1976, the appellant requested a rehearing and stay order based on the above suit and on the ground that less than 75% of the mineral owners had executed the agreement.
After the request for a rehearing was denied the appellant brought this action for an injunction. Franks Petroleum, Inc. intervened in the suit asking that the District Court dismiss the appellant’s action.
The District Court after a hearing upheld the validity of the order and denied the preliminary injunction sought by the appellant. It is this decision which has been appealed.
R.S. 30:5(C) provides in part:
“. . . Any order for such a unit operation shall be issued only after notice and hearing and shall be based on findings that (1) the order is reasonably necessary for the prevention of waste and the drilling of unnecessary wells, and will appreciably increase the ultimate recovery of oil or gas from the affected pool or combination of two pools, (2) the proposed unit operation is economically feasible, (3) the order will provide for the allocation to each separate tract within the unit of a proportionate share of the unit production which shall insure the recovery by the owners of that tract of their just and equitable share of the recoverable oil or gas in the unitized pool or combination of two pools, and (4) at least three-fourths of the owners and three-fourths of the royalty owners, such three-fourths to be in interest as determined under (3) hereof, shall have approved the plan and terms of unit operation, such *900 approval to be evidenced by a written contract or contracts covering the terms and operation of said unitization signed and executed by said three-fourths in interest of said owners and three-fourths in interest of the said royalty owners and filed with the commissioner on or before the day set for said hearing . . . ”
Notice that a public hearing on the inter-venor’s application for unitization would be held on September 15, 1976, in Shreveport was never given. In addition, Commissioner’s Order 457-EE does not contain findings that the proposed unit was economically feasible and that the allocation of unit production provided by the order would insure that each owner would recover his just and equitable share.
For the actions of an administrative agency to be valid they must conform to the legislative grant of authority. In exercising delegated powers an agency must comply with the statutory requirements. If the making of a finding is a condition precedent to an act, the act is void unless the fulfillment of the condition appears in the record of the act. Hunter v. Hussey, La.App., 90 So.2d 429 (1st Cir. 1956).
Because Commissioner’s Order 457-EE was issued without notice and because it does not contain mandatory findings of jurisdictional facts upon which its issuance is conditioned, it is void and must be annulled. Therefore, the case will be remanded so that the Commissioner may have an opportunity to comply with the legislative requirements.
For the above reasons, the judgment of the District Court upholding the validity of the order is reversed and the cause remanded to the Commissioner of Conservation for proceedings consistent with the views expressed herein. Costs to be paid by the intervenor.
REVERSED AND REMANDED.