GRISBAUM, Judge.
This is an appeal by employees of the Juvenile Court of Jefferson Parish from the decision of the Jefferson Parish Personnel Board which terminated their status as civil servants of Jefferson Parish. This court has jurisdiction of this appeal from an administrative body’s final decision pursuant to La. Const. Art. V § 10(A) and La. Rules of Court, Courts of Appeal, Rule 3-1.1.
The central issue is whether the Jefferson Parish Personnel Board’s order to terminate the civil service status of Jefferson Parish Juvenile Court employees is authorized under the Jefferson Parish Home Rule Charter? We find it is not.
FACTS
On February 28, 1983 the Personnel Board of Jefferson Parish found the posi *1189 tions and employees of the Parish Courts and the Juvenile Court were not subject to the civil service provisions of Art. 4, 4.03 of the Jefferson Parish Home Rule Charter and ordered the application of Parish civil service provisions to those courts be terminated. Execution of the order wás stayed, however, in order that the employees be given an opportunity to present written and verbal arguments in a hearing before the Personnel Board.
On April 25, 1983, the Board heard arguments in regard to the Jefferson Parish civil service jurisdiction over Juvenile and Parish Court employees. On April 29, 1983 the Personnel Board upheld its initial decision to terminate .the Parish civil service status of Jefferson Parish Juvenile and Parish Court employees, but it suspended its order pending application for an appeal. This appeal was taken by the Jefferson Parish Juvenile Court employees, and the Board’s order has remained suspended until full adjudication of this case.[1] The Personnel Board answered the appeal and raised the constitutionality of Jefferson Parish Ordinance No. 10216.[2]
LAW
As a part of the administrative arm of the Parish, the Jefferson Parish Personnel Board derives its authority from the Jefferson Parish Home Rule Charter. Article 2 of the Charter is entitled The Parish Council. Article 2, Section 2.01 provides in pertinent part:
The Parish Council shall be the legislative and policy-making body of the parish and shall have authority ... to exercise all powers of the parish, and to adopt such ordinances ... as may be proper in the exercise thereof. (Emphasis added)
Ordinance No. 10216 was adopted by the Jefferson Parish Council June 24, 1971. It later was codified in Jefferson Parish Code of Ordinances, Chapter 13, Article I, Section 13-3.1. It provides:
All employees of the Juvenile Court of the Parish, be and they are hereby entered into and made a part of the civil service system of the parish.
The Personnel Board by terminating the civil service status of the Jefferson Parish Juvenile Court employees ignored the explicit dictates of this Parish ordinance. Jefferson Parish Charter Article 6, Section 6.04(B) provides in pertinent part:
... all parish ordinances, ... not inconsistent with this Charter shall continue in effect until they are superceded by ordinance adopted by the Council pursuant to this Charter and the constitution. (Emphasis added)
The principle is well established that an administrative agency must act in conformity with its statutory authority, which it cannot exceed. Benson & Gold Chevrolet, Inc. v. Louisiana Motor Vehicle Commission, 403 So.2d 13, 20 (La.1981). See, Brown v. Sutton, 349 So.2d 898, 900 (La.App.1st Cir.1977). The Personnel Board exceeded its grant of authority in its action of terminating the civil service status of Jefferson Parish Juvenile Court employees.
In this appeal, however, the Personnel Board argues Jefferson Parish Ordinance No. 10216 violates Louisiana Constitution *1190 of 1974, Art. 10 Section 2(B)(10) which provides in pertinent part:
(B) Unclassified Service. The unclassified service shall include the following officers and employees in the state and city civil service: ...
(10) employees, deputies, and officers of the legislature and of the offices of the governor, lieutenant governor, attorney general, each mayor and city attorney, of police juries, school boards, assessors, and of all offices provided for in Article V of this constitution except the offices of clerk of the municipal and traffic courts in New Orleans; ...
The juvenile courts are included in Louisiana Constitution Article V. See La. Const. Art. V, Sections 18 and 19.
Recognizing the general principles of constitutional analysis, we decline to address this issue. Firstly, municipal legislative acts are presumed to be valid. Landry v. Parish of East Baton Rouge, 352 So.2d 656, 661 (La.1977); Johnson v. Welsh, 334 So.2d 395, 396 (La.1976). Moreover, there exists a close question as to whether this administrative board has standing to question the constitutionality of an ordinance in a proceeding for judicial review of this administrative board’s order. Neither in its briefs nor at oral argument has the Personnel Board demonstrated that it has an interest which is adversely affected by application of this ordinance. Generally, courts do not review and invalidate acts of a legislative body unless there are rights which are or about to be prejudicially affected by the enforcement of the legislative act. See, State v. Turner, 392 So.2d 436, 441 (La.1980).
For the foregoing reasons, the order of the Jefferson Parish Personnel Board is annulled. The costs of this appeal are taxed against appellee, Jefferson Parish Personnel Board.
ANNULLED AND SET ASIDE.

. An appeal by the Parish Court employees of Jefferson Parish (No. 83-CA-588) has also been taken and will be considered by another panel of this Court.

. Under a pleading entitled “Ex Parte Motion,” the Jefferson Parish Personnel Department attempted to join the Jefferson Parish Council in this appeal. It stated that the issue of the constitutionality of Jefferson Parish Ordinance No. 10216 (which provides for Jefferson Parish civil service status for Juvenile Court employees) was being raised for the first time and then only before this court; therefore, it moved to join the Jefferson Parish Council in the proceedings to offer the Council an opportunity to defend the constitutionality of the ordinance. The Personnel Board argued Jefferson Parish Ordinance No. 10216 violates the constitutional provisions for a state civil service and in particular Art. X § 2(B)(10).
The Jefferson Parish Council responded by filing an exception of no cause of action. Upon hearing arguments, this court dismissed the Jefferson Parish Personnel Department’s motion and granted the Jefferson Parish Council’s exception of no cause of action.