BOUTALL, Judge.
This is an appeal by three employees of the First Parish Court for the Parish of Jefferson from a ruling of the Personnel Board of Jefferson Parish that removes all employees of the Court from the Jefferson Parish classified civil service system.
We call attention to the companion case, 454 So.2d 1188, entitled “Appeal on Behalf of Juvenile Court Employees for Personnel Board Order Terminating Civil Service Status of Juvenile Court,” and note the considerable difference between the two both in the status of the court itself and the law applicable to each court’s personnel. However, procedurally this appeal arises in the same manner. It is necessary to outline the events leading to this appeal.
A rather complex chain of events brought about the ruling and this appeal. The First Parish Court for the Parish of Jefferson was established by the Legislature in 1964. At that time Judge Cyril J. Gracianette requested that the Parish extend its civil service coverage to the Court employees and subsequently hired employees through civil service. A second division of First Parish Court and another court, Second Parish Court, were created later but did not request civil service coverage. In 1979 Judge Gracianette informed the Personnel Board that civil service did not apply to the employees of the Parish courts and he would no longer hire new employees of his division through the system, but that those employees previously covered would retain their status.
In a letter to Judge Gracianette signed by the three members of the Personnel Board on February 28, 1983, the Board informed him that civil service would no longer apply to any First Parish Court employees and that the dual system of employment in existence since 1979 must cease. A question as to the applicability of the Parish civil service system to Juvenile Court employees had also arisen, and on the same date, February 28, 1983, the Board ordered the Personnel Director to discontinue civil service coverage of all Juvenile Court employees. The Juvenile Court employees had been specifically included through an ordinance passed by the Jefferson Parish Council on June 24, 1971. The record does not indicate what formalities were observed when the First Parish Court employees were initially taken into the system. A hearing before the Board was held on April 25, 1983, at which attorneys for the Juvenile Court and the Board, along with several First Parish Court employees (unrepresented by counsel), ap *1192 peared. The Board handed down a ruling on April 29, effective 30 days later, affirming the original order declassifying the employees. This appeal followed.[1]
The appellants are Millie Padrón, hired January 17, 1971, Barbara Root, hired on September 17, 1979, and Loretta Isaac, hired on September 24, 1979. The issues raised by their counsel in his brief are (1) whether the action of the Board in terminating the employees’ civil service status was legal and constitutional; (2) whether the employees were deprived of due process; (3) whether they may retain their civil service status in their current positions; and (4) whether the First Parish Court may maintain a dual system, with employees hired prior to May 29, 1983 as classified employees and those hired after as non-classified employees. The discussion of issues is very brief and cites no legal authority.
We have been referred to no ordinances of the Jefferson Parish Council governing the status of these employees (unlike the Juvenile Court employees), so it is first necessary to make a determination of the status of appellants under applicable law.
The creation of the First Parish Court for the Parish of Jefferson arises out of the adoption of Article 7, Section 51(a) of-the Louisiana Constitution of 1921 permitting the creation of parish courts in Jefferson Parish. Pursuant thereto the Legislature by Act No. 484 of 1962 created the First Parish Court on Jefferson’s East Bank. Act No. 484 is now R.S. 13:2561.1, et seq.
Section 51(a) of the Constitution gave the Legislature authority to provide for the court personnel:
“The Legislature shall also provide for the necessary personnel for the operation of such Courts and make such other provisions as may be considered necessary to establish and operate such Courts.”
However, the Legislature made no provisions in respect to the class of employees now before us.[2] It provided for the election and powers of the judge (R.S. 13:2561.6 and .7), the clerk of court and deputies (Section 2561.12), the sheriff as executive officer (Section 2561.13), the district attorney as prosecutor (Section 2561.-14), and the court reporter (Section 2561.-15). The appellants are assigned duties other than these and are paid by the Parish of Jefferson. Presumably their duties are fixed by the judge and their salaries are paid through some agreement or arrangement with the governing authority of the Parish, the Parish Council, of which we have no precise knowledge herein.
Of primary importance here is who made the appointments of appellants. The record shows they had received their appointments through application to the Personnel Department, and had passed examinations and been interviewed. Presumably the judge then appointed them, but the record is silent as to this fact. It seems to be conceded that all such employees were granted civil service status and worked and were paid under the classified system. Because the Legislature had not made provision for employment of these personnel, the judge could have made an appointment under his general judiciary authority. R.S. 13:2561.7 extends some authority of a district judge to the judge of the First Parish Court. Judges are empowered to make court rules not in violation of statutory or constitutional law. Under these premises we see no prohibition against the judge’s entering an agreement with the parish for the employment of non-statutorily provided personnel under the parish’s civil service system.
*1193 Similarly, looking at this situation from the standpoint of the Parish, we see no prohibition there. Both the Jefferson Parish Charter and the Code provide for a system of civil service or classified service which includes all personnel in the service of the parish except those specifically exempted. The appellants are not among those exempted.
Briefly, the form of government in Jefferson Parish came about as a result of Article 14, Section 3(c) of the Constitution of 1921. The resulting charter provides a plan of government in which the Parish Council shall be the legislative and policy-making body of the parish and exercise all powers of the parish. Jefferson Parish Home Rule Charter, Article 2, Section 2.01. The charter further provides for merit appointment of those “in the service of the parish and each of its departments, offices, agencies and special districts” (Section 4.03), and requires submission to and approval by the Council of rules proposed by the Personnel Board which provide for policies and procedures for the administration of the classification plan and of the salary plan (Section 4.03D(3)(a and b)). Although the personnel of the First Parish Court are not covered by ordinance as are personnel of the Juvenile Court, nevertheless the Parish Council has apparently acquiesced in their appointment, etc., by providing the salaries, etc., for a number of years. We are not shown anything to the contrary.
At the same time we see grave impediments to the position taken by the Personnel Board in its approach to this issue.
We are handicapped in our efforts to resolve the problems of appellants because of the very sparse record before us. However what is clear here is that the Personnel Board may not follow the procedures it used in addressing them. As pointed out, policies and procedures for the administration of the classification plan and salary plan are forbidden to be exercised by the Personnel Board alone. They are only effective upon approval by the Council. In this case the Personnel Board has made a classification decision eliminating a number of personnel from the previously classified service, not only by not submitting its plan to the Council for consideration, but by setting itself up as the forum, calling the individuals before it as opponents (not because they are charged with any violation of the rules), and then unilaterally deciding that its decision to declassify them is correct. As we held in the Juvenile Court employees case, we hold here: The Personnel Board exceeded its grant of authority in its action of terminating the civil service status of First Parish Court employees.
As to other issues raised on this appeal, we refer to the case of Civil Service Commission of the City of New Orleans v. Foti, 349 So.2d 305 (La.1977), which should furnish some guidance.
For the reasons expressed, we set aside and annul the order of the Jefferson Parish Board and render judgment in favor of appellants ordering their reinstatement. All costs are taxed against appellee.
ORDER SET ASIDE AND REVERSED.

. Provisions have now been made for this class of employees by Act No. 648 of 1981 (R.S. 13:2562.21) effective July 20, 1981, in respect to employees of the traffic hearing officers, and by Act No. 340 of 1982 (R.S. 13:2562.22) effective July 18, 1982, in respect to all other personnel. The appellants were employed prior to these dates and it is not shown that they were re-employed under these statutes. Accordingly as to them, the prior laws are effective.